The WASHINGTON POST
COMPANY, Appellant,

v.

CLAY PROPERTIES, INC., Appellee.

CLAY PROPERTIES, INC., et
al., Appellants,

v.

The WASHINGTON POST
COMPANY, Appellee.

Nos. 88–258, 88–963.

District of Columbia Court of Appeals.

Oct. 10, 1990.

Before ROGERS, Chief Judge,
NEWMAN, FERREN, BELSON, TERRY,
STEADMAN, SCHWELB, FARRELL,
and WAGNER, Associate Judges, and
MACK,* Senior Judge.

AMENDED ORDER

PER CURIAM.

On consideration of the petition of Washington Post Company for rehearing en banc in 573 A.2d 1227, the opposition thereto, the motion of Riggs National Bank of Washington, D.C. for leave to file statement as amicus curiae, the lodged statement, and the opposition thereto, the motion of Washington Area Bankers Association for leave to file statement as amicus curiae, the lodged statement, and the opposition thereto, the motion of Commercial Settlements, Inc. for leave to file statement as amicus curiae, the lodged statement, and the opposition thereto, the motion of First American Title Insurance Company for leave to file statement as amicus curiae, the lodged statement, the motion of Columbia Real Estate Title Insurance Company for leave to file statement as amicus curiae, the lodged statement, the motion of Washington Post Company for leave to file reply to opposition to the petition, the lodged reply, and the response thereto; and it appearing that the majority of the judges of this court has voted to grant the petition for rehearing en banc, it is

ORDERED that the motions for leave to file statements as amicus curiae for the aforementioned parties and the motion of Washington Post Company for leave to file reply to opposition to the petition are granted and the Clerk is directed to file the lodged statements and the lodged reply. It is

FURTHER ORDERED that appeal no. 88–258 is hereby severed from appeal no. 88–963. It is

FURTHER ORDERED that the petition of Washington Post Company in 573 A.2d 1227 for rehearing en banc is granted and that part II of the opinion and judgment of April 25, 1990, is hereby vacated.

* Senior Judge Mack did not participate in consideration of the petition for rehearing en banc.